(44 Misc. Rep. 279.)

### BAIRD v. VAN VECHTEN.

(Supreme Court, Special Term, Montgomery County. July, 1904.)

1. WRIT OF ASSISTANCE—WHEN GRANTED.

In an equitable action brought by the committee of an incompetent to set aside as fraudulent a conveyance of a farm made by the incompetent to defendant, an order setting the conveyance aside, and requiring defendant to account, does not authorize a writ of assistance to remove the occupant from the farm, he claiming under an agreement with defend-

ant to work the farm on shares, where before a lis pendens was served he had performed considerable work on the next year's crop, and had moved into the dwelling house on the day the lis pendens was filed.

Action by Peter A. Baird, committee of Jacob Houck, against John Van Vechten. Application of Henry A. Houghton for an order modifying an order directing the sheriff to remove defendant and all parties claiming under him from certain real estate, and asking to have the order modified so as to exclude the applicant from the operation thereof. Order modified.

Houghton is in possession under an agreement with the defendant by which he was to have possession of the farm, and work it on shares. Subsequent to the making of this agreement, the defendant's grantor, Houck, was adjudged incompetent, and plaintiff, his committee, sued to set aside the conveyance from his ward to the defendant. Notice of lis pendens was filed. Prior to that time Houghton had received the keys of the premises, and had performed considerable work for the next season's crop, and on the day upon which notice of lis pendens was filed moved into the dwelling house located upon the premises. In April following, an interlocutory judgment was entered in the action setting aside the conveyance from the plaintiff's ward to the defendant, and requiring the defendant to account to a referee for his use of the premises and property, and for the expenditures made by him in respect thereto. A copy of such interlocutory judgment was served upon Houghton, and a demand made for the delivery of possession, which was refused, and thereupon the order directing the writ of assistance to issue was granted. The sheriff being about to remove Houghton from the premises, the latter obtained a stay of proceedings, and made this application to modify the order, so as to exempt him from its provisions. He was not made a party to the action.

Christopher J. Heffernan, for the motion.
Nisbet & Hanson, opposed.

SPENCER, J. A writ of assistance is the process by which the court puts a party into possession of specific property, the possession of which has been awarded to him by the judgment. The judgment is the sole justification for the writ. A writ of assistance should not run to accomplish something which a judgment has not required to be done. The judgment here does not award to the plaintiff possession of the premises sought to be acquired by the writ of assistance. The action was not brought to recover possession of any specific real or personal property, but was in equity, to obtain an adjudication setting aside a certain conveyance of real and personal property executed by the plaintiff's ward to the defendant. After trial interlocutory judgment was entered, setting aside the conveyance as fraudulent, and directing the defendant to account before a referee for his use and occupation of the premises and property, and the expenses incurred by him in relation thereto. Immediately upon the entry of such interlocutory judgment, application for the writ of assistance to put the plaintiff in possession of the premises was made and granted.

I am of the opinion that the judgment does not justify the writ. There is no adjudication by the court that the plaintiff shall be put into possession. The plaintiff invokes the rule of lis pendens, and, if it clearly appeared that notice of the pendency of the action was filed prior to the taking of possession by the applicant, the rule invoked should be enforced without regard to any questions of conscience or

equity; because the maintenance of the rule is necessary for the self-preservation of the courts, and any laxity in its enforcement would lead to public mischiefs far greater than could result from any harshness in its application in any particular instance. It is only by the strict enforcement of this rule that courts are able to enforce their judgments, and prevent their being made abortive by subsequent alienations. But the commencement of the lis pendens is the point of time at which the court acquires jurisdiction of the res, and the determination of that point of time in respect to strangers, persons not parties to the action, sometimes becomes a difficult and complicated question of fact. Without deciding the interesting question discussed by counsel upon the argument and in their briefs as to whether the applicant, Houghton, is in occupation of the premises as lessee of the defendant or as a cropper under a contract for service, actual possession of the premises by him at the time of the commencement of the action was notice to the plaintiff of any equitable or legal right which he might have by virtue of either relation. The question whether he was or was not in possession at the time is also in dispute and involved in some doubt. All the questions of fact from which to determine whether he should be regarded as an ante litem claimant or a pendente lite claimant should be left to be determined by the plaintiff in an action where the question of the possession of the property is involved, and where the rights of each may be safeguarded.

Furthermore, the issuance of a writ of assistance is not a strict matter of right, but rests in the sound discretion of the court. The enforcement of this writ at this season of the year would result in great injustice and hardship to the applicant, who, without notice of the incompetency of plaintiff's ward or of the defendant's fraud, has gone into occupation, and cultivated the crops nigh to harvesting, and to dispossess now would occasion an injury for which there would be no adequate remedy. The plaintiff is, no doubt, subrogated to the rights of the defendant under the contract with Houghton, and may claim the fruits of the farm in accordance therewith, and if Houghton's husbandry be not satisfactory, he may revoke the agreement at the expiration of the year, as by the agreement provided. In this way justice may be accomplished for each party, and the rights of none endangered.

Let an order be entered modifying the order as to the applicant, Houghton, and exempting him from its operations, with costs.

Ordered accordingly.